**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**MICHAEL PICKHOLZ,**

    Plaintiff,

**vs.**

**MANKIEWICZ COATINGS, L.L.C.,**

    Defendant.

Case No. 06-14263

Honorable Paul D. Borman
Magistrate Judge Donald A. Scheer

---

| | |
|---|---|
| Randall J. Gillary (P29905) | Abraham Singer (P23601) |
| Kevin P. Albus (P53668) | James D. VandeWyngearde (P58634) |
| Randall J. Gillary, P.C. | Pepper Hamilton, L.L.P. |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 201 W. Big Beaver Rd., Ste. 1020 | 100 Renaissance Center, Ste. 3600 |
| Troy, MI 48084 | Detroit, MI 48243 |
| (248) 528-0440 | (313) 259-7110 |

---

## STIPULATED PROTECTIVE ORDER

The parties having stipulated to the entry hereof, and the Court being otherwise fully advised in the premises:

IT IS HEREBY ORDERED AS FOLLOWS:

1. For purposes of this action, "Confidential Information" means information, documents, or things that any party providing discovery, including persons or entities who are not parties to this lawsuit (a "Producing Party"), reasonably believes, in good faith, to contain or constitute trade secrets or other information that is confidential or proprietary to that party.

2. Any documents and things, answers to interrogatories, answers to deposition questions, responses to requests for admissions, or any other materials or portions thereof

LAW OFFICES OF
RANDALL J. GILLARY, P.C.
COLUMBIA CENTER
201 W. BIG BEAVER ROAD
SUITE 1020
TROY, MI 48084
———
(248) 528-0440
FAX (248) 528-3412

1

containing Confidential Information and produced in discovery in this action by any Producing Party, may be designated and marked by the Producing Party as "CONFIDENTIAL", in the manner set forth below. Any material that is so marked, together with any copies, abstracts, summaries, or information derived therefrom, and any notes or other records regarding the contents thereof, shall be referred to in this Protective Order and in this action as "Confidential Material".

3      All documents deemed by the Producing Party to be subject to this Protective Order shall be visibly marked as "CONFIDENTIAL" at the time of production or disclosure to be subject to this Protective Order. The designation of a multi-page Document as "CONFIDENTIAL" on the first page only shall be sufficient to make the entire Document subject to that designation. If such is not the intent of the Producing Party, only those pages deemed in good faith to be subject to such designation shall be so marked.

4.      Confidential Information, including documents designated as "CONFIDENTIAL" under this Order, may only be disclosed by the parties to following persons:

    a.  The parties to this litigation, including their officers and employees;

    b.  Counsel for the parties, including employees of that counsel's firm who are engaged in the conduct of the litigation of this case, including any appeal or alternative dispute resolution procedures;

    c.  The Court and persons employed by the Court;

    d.  Case evaluators, mediators, arbitrators, and/or facilitators;

    e.  Court reporters, recorders, and videographers;

f.  Outside vendors hired for the limited purpose(s) of making photocopies of documents, exhibits, enlargements, and/or the operation of video recording equipment;

g.  Any person called as a deponent or witness at any deposition, hearing (including alternative dispute resolution hearings), or trial in this matter;

h.  Any person designated by the Court upon such terms as may be determined by the Court;

i.  Consultants, investigators, and experts (hereinafter collectively referred to as "experts") employed or retained by a party or counsel for a party to assist in the preparation and conduct of this case, only if such expert first agrees to be bound by this Order as set forth in Paragraph 6 below; and,

j.  Any person interviewed by counsel as a potential witness, only if such person first agrees to be bound by this Order as set forth in Paragraph 6 below.

5. Nothing in this Protective Order shall impose any restriction on the use or disclosure by any person of Confidential Information obtained by the person independent of proceedings in the Litigation, whether or not said Confidential Information is also obtained during proceedings in the Litigation. This provision shall not act as a waiver of any party's right to make an application to the Court to further limit disclosure of any Confidential Information.

6. Prior to disclosing Confidential Material to any persons designated in sub-paragraphs 4.i. and 4.j. of this Stipulated Order, such person shall be given a copy of this

Protective Order at the time of disclosure and must sign the form attached hereto as Exhibit "A" indicating that they have read this Protective Order and agree to be bound by its terms.

7. All Confidential Material shall be handled in the manner set forth in this order and shall not be used for any business purpose, or any purpose other than the prosecution, defense, or settlement of this action, unless and until such designation is removed by the Producing Party or by order of this Court. This obligation shall survive the termination or settlement of these proceedings and shall continue after this Court ceases exercising jurisdiction over the parties.

8. Notwithstanding the provisions of paragraph 4 of this Stipulated Order, documents designated as Confidential Material may be disclosed to any person indicated on the face of the document to be its originator or author, or a recipient of a copy thereof.

9. If any Confidential Material is summarized, discussed or quoted at any deposition, all persons other than those to whom disclosure is permitted hereunder may be excluded from such portion of the deposition at the request of the Producing Party.

10. Any Confidential Material filed with the Court shall be filed under seal in accordance with Local Rule 5.3.

11. Except as provided in paragraph 4 herein, counsel for the parties shall keep all Confidential Information and documents which are received under this Order secure within their exclusive possession and shall place such documents in a secure area. Counsel shall endeavor to collect all confidential documents from those persons who were provided copies of said documents after said persons' involvement in the litigation of this matter is concluded.

12. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or

defense in this action. Moreover, the failure to designate information in accordance with this Protective Order and the failure to object to a designation at a given time shall not preclude the later designation of such. The entry of this Protective Order shall not be construed as a waiver of any right to object to the disclosure of information in response to discovery, and shall not relieve any party of the obligation of producing information in the course of discovery.

      13.     Nothing contained in this Order is intended to require the production of non-relevant or privileged documents or to prevent a party from withholding production on those grounds. This Order is without prejudice to the right of any party to bring a motion for a separate protective order as to any document or information seeking protections which differ or are greater than those specified herein. Any privileged documents inadvertently produced shall, upon request from the Producing Party, be immediately returned to that party.

      14.     Non-parties to this litigation who receive subpoenas or other discovery requests that would require the disclosure of Confidential Information may invoke the provisions of this Order.

      15.     Any party may at any time move this Court for an order changing the designated status of Confidential Material or otherwise relieving the party from any restrictions contained in this Protective Order. That party shall not make such a motion, however, until it requests the Producing Party in writing to change the designated status of Confidential Material or otherwise relieve the party from any other restrictions contained in this Protective Order, and the Producing Party refuses to grant the party's request. The Producing Party's failure to respond to such a request within five business days shall be deemed to be a refusal. Pending resolution of the motion, the involved item shall be treated in accordance with its designated status.

16. The obligations not to disclose Confidential Information imposed on the parties in this Protective Order shall survive the conclusion of the litigation of this matter. In the event of a breach or threatened breach of any provision in this Order, the non-breaching party shall be entitled to immediate injunctive relief from an appropriate court, without the necessity of showing any irreparable injury or special damages.

17. Upon termination or settlement of this action, including all appeals, each party shall, upon written request by the Producing Party, either (a) return to the Producing Party all Confidential Material produced in discovery, including all copies, summaries, or abstracts not containing attorney work product or information covered by the attorney-client privilege, or (b) destroy, and certify such destruction in writing to the Producing Party, all Confidential Material produced in discovery, including all copies, summaries, or abstracts not containing attorney work product or information covered by the attorney-client privilege; provided, however, that in either case, counsel for each party may keep one or more archival copies of all pleadings or other documents filed with this Court (or any arbitrators, mediators, or facilitators) and one or more archival copies of any deposition transcripts or exhibits that contain Confidential Material.

IT IS SO ORDERED.

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated: July 17, 2007

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on July 17, 2007.

                                             s/Denise Goodine
                                             Case Manager

Stipulated and agreed to:


s/Kevin P. Albus (w/consent)
Randall J. Gillary (P29905)
Kevin P. Albus (P53668)
Randall J. Gillary, P.C.
Attorneys for Plaintiff
201 W. Big Beaver Rd., Ste. 1020
Troy, MI 48084
(248) 528-0440
*kalbus@gillarylaw.com*

s/James D. VandeWyngearde
Abraham Singer (P23601)
James D. VandeWyngearde (P58634)
Pepper Hamilton LLP
Attorneys for Defendant
100 Renaissance Center, Ste. 3600
Detroit, MI 48243
(313) 259-7110
*vandewyj@pepperlaw.com*

**Exhibit "A"**

**<u>CONFIDENTIALITY AGREEMENT</u>**

The undersigned hereby acknowledges that he/she has read the foregoing Protective Order in the Civil Action entitled *Michael Pickholz vs. Mankiewicz Coatings, L.L.C.*, Case No. 06-14263, in the United States District Court, Eastern District of Michigan, Southern Division, and that he/she understands it and agrees to be bound by the terms thereof.

DATED:_____         _____